OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
While stationed in a hidden observation post on the evening of October 12, 1989, Police Officer Brendan Carney saw defendant standing on a street corner in a high-crime area of Manhattan. As the officer watched, defendant removed a small plastic bag from a brown paper bag and handed it to another man in exchange for money. Carney radioed to Police Officers Shea and Fitzgerald, who were in a patrol car, that there had been a "hand to hand,” and provided a detailed description of defendant. Shea and Fitzgerald responded to the *780 street corner, followed defendant in their car, and instructed him to stop. Defendant quickened his pace and entered a delicatessen. Shea and Fitzgerald followed defendant into the store, where defendant discarded a brown paper bag. While Fitzgerald guarded defendant to prevent his escape, Shea recovered the bag, which contained more than 100 vials of what later proved to be crack cocaine.
Defendant was arrested and indicted on charges of criminal possession of a controlled substance in the third and fourth degrees (Penal Law §§ 220.16, 220.09). Defendant’s motion to suppress the physical evidence was denied and he was later convicted of both charges. A divided Appellate Division affirmed, and the dissenting Justice granted defendant leave to appeal. We affirm.
We need not reach the issue that divided Appellate Division —namely, whether probable cause for defendant’s arrest could be established without calling Carney at the suppression hearing — for the alternative rationale of the motion court, based on findings undisturbed by the Appellate Division, provides a basis for affirmance.
Defendant’s street corner activity gave the police an objective, credible reason to approach him (see, People v De Bour, 40 NY2d 210, 223). In the circumstances presented, defendant’s flight furnished reasonable suspicion that he had committed or was about to commit a crime such that pursuit by the officers was justified (see, People v Martinez, 80 NY2d 444, 448). Defendant’s abandonment of the bag in the delicatessen therefore was not in response to unlawful police conduct, and the vials found therein supplied probable cause for defendant’s arrest.
Defendant’s remaining contentions are without merit.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.