■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBBINS, Appellant. [601 NYS2d 617] —Judgment, Supreme Court, New York County (Edward J. Sheridan, J.), rendered May 13, 1992, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, affirmed.

Defendant's motion to suppress the cocaine was properly denied since his discarding of it during the chase was not precipitated by illegal police conduct *(People v Leung,* 68 NY2d 734, 736). The stop of the cab in which defendant was a passenger was justified by the officers' observation that the cab's brake lights were not functioning *(People v Ingle,* 36 NY2d 413), and pursuit of the defendant justified by his precipitate flight, hand motion grabbing at his waistband, and glances over his shoulder, all of which gave rise to a reason-

able suspicion that defendant had committed or was about to commit a crime *(see, People v Martinez,* 80 NY2d 444). Accordingly, the pursuit by the officers was justified and defendant's abandonment of the contraband during the chase was not in response to unlawful police conduct *(see, People v Matienzo,* 81 NY2d 778). Concur—Sullivan, J. P., Kupferman, Ross and Asch, JJ.

Ellerin, J., dissents in a memorandum as follows: I would reverse based on *People v Grant* (164 AD2d 170, *appeal dismissed* 77 NY2d 926). The flight of the defendant, in and of itself, could not create a reasonable suspicion of criminal activity *(People v Martinez,* 80 NY2d 444, 448, citing *People v May,* 81 NY2d 725). Here there were no facts beyond defendant passenger's flight upon the officers' approach to the cab on which to base a finding of reasonable suspicion of criminal activity on the part of defendant.