■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FERGUSON, Appellant. [602 NYS2d 929] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered November 8, 1990, convicting him of burglary in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court coerced a verdict when it gave the jurors the option to deliberate after a readback of testimony or to retire for dinner. Specifically, the court inquired as to whether the jury was "close" to a verdict when it gave them the option to continue deliberations. We find that, contrary to the defendant's contention, the verdict was neither coerced by this inquiry nor by what defendant alleges was a "lack of food". The court was merely trying to comply with the wishes of the jury (see, People v Elie, 150 AD2d 719, 720).

Contrary to the defendant's next contention, we find that the trial court did not improperly delegate a judicial function to a court officer when it ordered the court officer to ascertain whether the jurors were unanimous in their decision to post-

pone dinner. Such communication is merely administrative in nature and in no way affected deliberations *(see,* CPL 310.10; *People v Bonaparte,* 78 NY2d 26).

The defendant also contends that the County Court erred in failing to suppress certain physical evidence. Specifically, the defendant argues that the police did not have probable cause to arrest him. We find that, after observing the defendant carrying an electric typewriter from the rear of a building at 4:15 A.M., the officers had at least an "objective credible reason" to warrant an approach to inquire *(see, People v Martinez,* 80 NY2d 444, 447-448). When the defendant immediately fled, and dropped the typewriter, the officers had a reasonable suspicion to justify the pursuit and temporary detention of the defendant while the officers investigated the scene *(see, People v Martinez, supra; People v Allen,* 73 NY2d 378, 379-380). Upon investigating the scene, and thereafter discovering a broken window and gate, the officers had probable cause to arrest *(see, People v Leung,* 68 NY2d 734, 735-736).

We find the defendant's remaining contention to be without merit. Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.