83 N.Y.2d 840 (1994)
633 N.E.2d 1104
611 N.Y.S.2d 500
The People of the State of New York, Respondent,
v.
Victor Ortiz, Appellant.
Court of Appeals of the State of New York.
Argued February 17, 1994
Decided March 30, 1994.
Steven J. Miraglia, New York City, and Philip L. Weinstein for appellant.
Robert M. Morgenthau, District Attorney of New York County, New York City (Susan H. Odessky and Mark Dwyer of counsel), for respondent.
Chief Judge KAYE and Judges SIMONS, BELLACOSA, LEVINE and CIPARICK concur; Judge SMITH dissents and votes to reverse in an opinion; Judge TITONE taking no part.
*842 MEMORANDUM.
The order of the Appellate Division should be affirmed.
The defendant was found guilty, after a jury trial, of criminal possession of a controlled substance in the third degree and was thereafter sentenced to four and one-half to nine years' imprisonment. A divided panel of the Appellate Division affirmed the conviction, agreeing with the suppression court that the defendant had no standing to challenge the warrantless entry into his girlfriend's apartment, and that defendant's motion to suppress the evidence seized by the arresting officer was properly denied.
One seeking standing to assert a violation of his Fourth Amendment rights must demonstrate a legitimate expectation of privacy. One may have an expectation of privacy in premises not one's own, e.g., an overnight guest (Minnesota v Olson, 495 US 91) or a familial or other socially recognized relationship (People v Rodriguez, 69 N.Y.2d 159; People v Ponder, 54 N.Y.2d 160). However, as the undisturbed findings of the trial court demonstrate, the defendant had relatively tenuous ties to the apartment wherein he was arrested.
*843 The trial court's findings as affirmed by the Appellate Division that the defendant was a casual visitor to that apartment and did not have any reasonable expectation of privacy within the apartment on the date of his arrest cannot be disturbed on our review since there is evidence in the record to support the conclusion of lack of standing. Similarly, there is no basis in the record for defendant's alternative contention that, even if he had no standing to contest the warrantless entry into his girlfriend's apartment, the cocaine must nonetheless be suppressed.
Based on our limited review power, we have no basis to upset the conclusion below that the officers had objective, credible reasons to walk into the bedroom upon reasonable belief that they were in a drug-related apartment. They had received information about drug activity and, upon observing defendant on the bed holding a plastic bag containing a white powder which appeared to be narcotics, were justified in seizing the contraband.
SMITH, J. (dissenting).
Because the police improperly entered the apartment and improperly followed defendant into a bedroom, I dissent and vote to reverse. Moreover, it is clear that defendant had standing to challenge the conduct of the police here.
Two police officers and defendant were the only witnesses at the Mapp hearing held upon defendant's motion to suppress cocaine seized at the time of his arrest. The facts are undisputed. On April 13, 1990 the officers were in uniform on radio motor patrol in Manhattan. At about 9:10 P.M., they received a radio run that drugs were being sold in the lobby of a premises located at 505 West 134th Street. They went to the building. A woman opened an apartment door and they asked her if she saw anyone in the hallway. She pointed to the next apartment and then closed her door.
The officers went to that apartment and knocked. There was no answer. They then pushed open the apartment door. Three males who were approaching the door down a hallway then turned and walked rapidly further back into the apartment. The officers "followed them in to [sic] the corridor through the corridor to the living room area." Two of the men went into the living room. One officer "secured the two people that were in the living room area." The second officer followed the third person into the bedroom. There, defendant had in his hand "clear plastic bags of a powdery substance" which he threw *844 behind a bureau onto the ledge of the windowsill. Defendant was then arrested.
Defendant testified that his girlfriend and his three-month-old daughter lived in the apartment. He visited the apartment once or twice a week. At times he stayed overnight but had not slept there in a month. He helped out with expenses for the apartment. He had no clothes there.
At the hearing the prosecution contended that the police had probable cause to enter the apartment and that exigent circumstances existed at the time of the entry. The People also contended that defendant had no standing to challenge the entry into the apartment. On this appeal the prosecution claims that defendant had no standing to contest the entry to the apartment. The People also claim that the entry into the apartment, as well as the pursuit of the defendant inside the apartment, are mixed questions of law and fact which are not reviewable by this Court. Defendant argues that he had a reasonable expectation of privacy in the apartment and that the police pursuit inside the apartment was illegal.
Clearly, the police had no probable cause to enter the apartment. Moreover, they had no reasonable suspicion to either enter the apartment or to follow the defendant through the apartment into a bedroom. They had received a radio run of drug sales in the lobby, and the fact that a person next door pointed to the apartment did not give probable cause or reasonable suspicion for the entry.
Defendant also had standing to contest both the entry into the apartment and the police action in following him into the bedroom. The undisputed facts were that defendant had more than a casual contact with the apartment since both his girlfriend and his daughter lived there. Thus he had a reasonable expectation of privacy in the apartment and a right to contest the entry. As we have previously stated:
"A familial relationship or other socially or lawfully recognized relationships, including house or apartment guests, may be significant factors along with others noted in Rakas (Rakas v Illinois, 439 US 128, 152-153 * * *), which may support a standing base for Fourth Amendment protections with respect to persons not technically owners, renters or otherwise entitled to even a temporary possession of particular premises or even rooms or sections of premises" (People v Rodriguez, 69 N.Y.2d 159, 165; *845 see also, Minnesota v Olson, 495 US 91, 98 ["society recognizes that a houseguest has a legitimate expectation of privacy in his host's home"]).
Moreover, defendant had a right to contest the pursuit by the police inside his apartment. Even in a street encounter, the police have no right to follow a person who is running away unless they have reasonable suspicion that a crime is being, has been or is about to be committed (see, People v Martinez, 80 N.Y.2d 444; People v Matienzo, 81 N.Y.2d 778; People v May, 81 N.Y.2d 725). Here, in an apartment where defendant was a guest, he was unlawfully "followed" into the bedroom.
Accordingly, I dissent.
Order affirmed in a memorandum.