■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL JENSEN, Respondent. [611 NYS2d 363] —Mikoll, J. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered April 13, 1993, which granted defendant's motion to dismiss the indictment.

The issue before us is whether there was sufficient evidence before the Grand Jury to sustain any of the four counts of the indictment charging defendant with assault in the second degree, resisting arrest, petit larceny and criminal possession of stolen property in the fifth degree.

The charges relate to events of November 6, 1992 when Officers Kathy Zoner and Richard Brewer of the Cornell University Department of Public Safety observed defendant at

3:13 A.M. carrying a dormitory lounge chair on the campus. Upon inquiry, defendant said that he had obtained the chair from Donlon Hall, a residence on the North Campus, and was taking it to the West Campus as a prank. Further conversation ensued during which defendant refused to identify himself, give his address or answer questions as to his student status. Identification was requested. Defendant said he had none.

Defendant requested and was denied confirmation that he was not in trouble. He was informed by the officers that if his student status was confirmed he would be referred to Cornell's Judicial Administrator, but if not the case would be pursued as a petit larceny in City Court. Defendant then said that he did have identification and started to reach in his pocket. When one of the officers said that he would remove the identification, defendant declined to surrender it. Defendant was directed to turn and face the police car to be frisked. Brewer reached for defendant's pocket and defendant slapped his hand away. Defendant was then told that he was under arrest and he bolted.

A chase ensued. Defendant ran into a gorge and skidded down a steep drainage ditch. Zoner caught defendant by the ankle as defendant lay on his back on the slope. Defendant asked to be let go but Zoner refused. Defendant rolled over and pulled Zoner along until her face hit a concrete structure, causing her injuries which included four broken teeth. Defendant escaped. He was subsequently indicted on the aforementioned charges.

In dismissing the indictment as to petit larceny and criminal possession of stolen property in the fifth degree, County Court ruled that the evidence failed to prove who owned the chair, failed to disprove that the owner had consented to the chair's use and failed to establish defendant's intent to deprive the owner of the chair. Regarding resisting arrest, the court ruled that the evidence failed to prove that the officers had probable cause to arrest defendant and found that the arrest was unauthorized. As to the charge of assault in the second degree, the court found that because probable cause for an arrest was lacking, the evidence failed to prove that Zoner was injured in the course of performing a lawful duty. The People appeal from the court's ruling.

We reverse. In dismissing the indictment, County Court applied an inappropriate standard as to the sufficiency of the evidence. In *People v Jennings* (69 NY2d 103), the Court of Appeals, in commenting on the sufficiency of evidence before a

Grand Jury, stated that the Grand Jury may not indict unless the People present evidence establishing a prima facie case of criminal conduct. The sufficiency of the People's presentation is properly determined by inquiring whether the evidence viewed in the *light most favorable to the People,* if unexplained and uncontradicted, would warrant conviction by a petit jury. The applicable degree of certitude is "reasonable cause". Where the principal proof of guilt is circumstantial, evidence may be legally sufficient to support a charge although it does not prove guilt beyond a reasonable doubt, " ' "and for that matter, although it does not even provide 'reasonable cause' to believe that the defendant committed the crime charged" ' " *(supra,* at 115, quoting *People v Sabella,* 35 NY2d 158, 167, quoting Commission Staff Comment to Proposed CPL 35.10, now CPL 70.10).

Petit larceny requires a taking coupled with . intent to deprive another of property or to appropriate same (Penal Law § 155.05 [1]). As to the charge of criminal possession of stolen property in the fifth degree, there must be knowing possession of stolen property with intent to benefit themselves or someone other than the owner and to impede recovery (Penal Law § 165.40).

The evidence before the Grand Jury indicated that defendant was detained by officers who espied him carrying a chair at 3:13 A.M. on the Cornell campus. They were entitled to make inquiry regarding this unusual behavior. Defendant acknowledged having taken the chair as a prank from one building and intending to locate it elsewhere on the campus. The officers then proceeded to attempt to secure his identity and made further inquiry as to the circumstances of the taking of University property. Defendant's larcenous intent could be inferred from the circumstances and his admissions. His explanations of innocent intent could be and obviously were rejected by the Grand Jury. The evidence here was sufficient for the Grand Jury to indict defendant both on the charge of petit larceny and on the charge of criminal possession of stolen property in the fifth degree.

Defendant's continuing refusal to identify himself and answer the officers' questions as to whether he was a student resulted in an order to submit to a frisk to secure his identification when he attempted to put his hand in his pocket. After he slapped one of the officer's hands away, defendant was informed that he was under arrest. His attempt to flee and the officers' lawful attempt to detain him resulted in injuries to Zoner, who was pulled down a steep incline and crashed

into a concrete abutment while struggling with defendant to hold onto him and prevent his escape. She sustained serious permanent injuries. This evidence established a prima facie case of assault in the second degree which requires proof that an officer was injured in the course of performing a lawful duty (Penal Law § 120.05 [3]). It is lawful to stop an individual upon reasonable suspicion of criminal wrongdoing (CPL 140.50 [1]; *see, People v De Bour,* 40 NY2d 210, 223). The officers were entitled to arrest defendant for larceny, and his intentional acts to prevent such arrest and the infliction of injury on Zoner constituted sufficient evidence of the crime of assault in the second degree.

We likewise conclude that the evidence before the Grand Jury was sufficient to sustain a charge of resisting arrest. The officers had probable cause to arrest defendant for petit larceny. He was informed that he would be either placed before the Judicial Administrator or charged with petit larceny. He was obviously being restrained and his failure to comply constituted sufficient evidence of the crime of resisting arrest (Penal Law § 205.30).

Cardona, P. J., Crew III and Weiss, JJ., concur.

Casey, J. (dissenting). The CPL provides that a Grand Jury may indict a person when the evidence before it both establishes all the elements of the crime and also establishes reasonable cause to believe that the accused committed the crime to be charged (CPL 190.65 [1]). The first prong requires that the People present a prima facie case; the second dictates the degree of certitude Grand Jurors must possess to indict *(People v Jennings,* 69 NY2d 103, 115).

County Court did not impose a higher standard of certitude than that imposed by the second prong of the requirement contained in CPL 190.65 (1). Nor did County Court invade the province of the Grand Jury to weigh the evidence and decide whether the evidence met the "reasonable cause" standard. Rather, County Court's analysis focused on the first prong of the statutory requirements and concluded that the People had failed to present evidence to establish all of the elements of the crimes. I agree with that analysis and conclusion.

As to the petit larceny charge, a person is guilty of that crime when he steals property (Penal Law § 155.25), and a person steals property "when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). The

majority concedes that, at best, the evidence establishes that defendant was engaged in a college prank, moving the chair from one college building to another. In his statement, defendant admitted that he had taken the chair from one dormitory and was going to put it in the lounge area of another dormitory, as a prank. There is no evidence, and the majority cites to none, that defendant intended to deprive anyone of the chair, or to appropriate the chair to himself or a third person. As in *People v Jennings (supra,* at 119-121), the problem presented in this case is similar to that presented in the "joy-riding" cases, in which the absence of an intent to *permanently* deprive or appropriate removes the temporary intentional misuse of another's property from the purview of the larceny statutes *(supra,* at 119, n 4).

The crime of criminal possession of stolen property in the fifth degree (Penal Law § 165.40) requires proof that a larceny was committed *(People v Colon,* 28 NY2d 1, 8-9, *cert denied* 402 US 905). As concluded above, the People failed to make out a prima facie case that defendant committed a larceny and there is nothing in the record to suggest that any other person committed a larceny.

Pursuant to Penal Law § 205.30, the crime of resisting arrest can occur only when a peace officer is effecting a lawful arrest. In the absence of any evidence of the elements of larcenous intent and the commission of a larceny, it is my view that the police officers had no grounds to believe that defendant had committed a larceny or possessed stolen property and, therefore, no basis existed for the officers' attempt to effect a warrantless arrest of defendant. Defendant, therefore, could not commit the crime of resisting arrest *(see, People v Peacock,* 68 NY2d 675, 677).

In the absence of any evidence that defendant intended to cause any injuries to Officer Kathy Zoner, defendant was charged with assault in the second degree under Penal Law § 120.05 (3), pursuant to which the People were required to establish that defendant, with intent to prevent a peace officer from performing a lawful duty, caused physical injury to such peace officer. Assuming that the officers were justified in pursuing defendant when he ran after they told him he was under arrest *(see, People v Martinez,* 80 NY2d 444, 447), the undisputed evidence establishes that Zoner was injured while attempting to effect an arrest by taking defendant into custody. It is my view that because the warrantless arrest was unjustified, Zoner was not performing a lawful duty regardless of whether the police were justified in engaging in some lesser

level of intrusion *(see, People v Voliton,* 190 AD2d 764, *affd* 83 NY2d 192).

County Court's order should be affirmed.

Ordered that the order is reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision.