■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY WEST, Appellant. [616 NYS2d 736] —Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered November 14, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 4 years to life, unanimously affirmed.

Defendant's flight from a moving, erratically driven cab, in an area with a high incidence of taxicab robberies, gave rise to a reasonable suspicion that defendant had just committed a taxicab robbery justifying the police pursuit *(People v Martinez,* 80 NY2d 444, 446; *People v Matienzo,* 81 NY2d 778). The circumstances here justified the officer's limited search of defendant's pockets *(People v Benjamin,* 51 NY2d 267, 271). Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE DAVIS, Appellant. [616 NYS2d 736] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 17, 1992, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Acosta,* 80 NY2d 665, 672), and giving deference to the jury's finding of credibility *(People v Bleakley,* 69 NY2d 490, 495), we conclude that defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence, including the accomplice's testimony that defendant had been the instigator of the robbery, had switched shirts with him during the ensuing chase by the victim, and had been expected to share in the proceeds of the crime; and the complainant's testimony that defendant had verbally prevented him from leaving after his accomplice knocked the complainant to the ground, and had placed his hands on him when the men searched for his wallet.

We perceive no abuse of discretion in sentencing and have reviewed defendant's remaining claim and find it to be without merit. Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.