■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HUGHES, Appellant. [622 NYS2d 12] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered June 16, 1993, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The suppression court properly denied defendant's motion to suppress the bag of cocaine that he dropped when the police, who were conducting a valid neighborhood canvas in search of the complainant's assailants, directed a searchlight at him while he stood under a dark construction awning. The use of searchlights to enhance an officer's normal vision does not constitute a search (People v Miller, 52 AD2d 425, 428-429, affd 43 NY2d 425; People v Price, 54 NY2d 557, 563). Accordingly, defendant did not drop the bag of cocaine as a result of any illegal police conduct, and once discarded, defendant lost his right to object to the opening of the bag that provided the police with probable cause to arrest him (see, People v Martinez, 80 NY2d 444, 448-449). Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.