■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. SMITH, Appellant. [626 NYS2d 574] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered July 8, 1993, upon a verdict convicting defendant of the crime of burglary in the second degree.

After a jury trial, defendant was convicted of burglary in the second degree stemming from the theft of 86 video tapes and a bookcase belonging to the victim, who resided in defendant's former apartment. Initially, we reject defendant's contention that the jury's verdict is not supported by sufficient evidence. While much of the evidence was circumstantial, proof that defendant had access to the victim's apartment, an opportunity to commit the crime during the time in question and possession of the stolen video tapes provided a sound basis for the jury's finding. Moreover, with respect to defendant's claim that County Court failed to properly instruct the jury on the principle of recent and exclusive possession of the fruits of the crime, we find that this claim has not been preserved for our review inasmuch as defendant failed to raise it before County Court. In any event, we find this claim to be without merit.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS E. FERRELL, Appellant. [626 NYS2d 979] —Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered July 21, 1993, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

We find no merit to defendant's contention that the prosecutor failed to comply with the terms the plea agreement in the recommendation he made at the sentencing hearing. In accordance with the agreement, the prosecutor recommended time served and probation. The record reveals that County Court's refusal to adopt this recommendation was based upon defendant's lengthy criminal record and poor probation report. Accordingly, we find no reason to disturb the judgment of conviction.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.