■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH JACKSON, Appellant. [632 NYS2d 365] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's suppression motion. Reasonable suspicion that a crime had been committed supported the pursuit and detention of defendant (see, People v Martinez, 80 NY2d 444, 447; cf., People v May, 81 NY2d 725). Stolen property found along the escape path of defendant and on his person provided probable cause for his arrest (see, People v Martinez, supra, at 449).

By pleading guilty, defendant forfeited his right to seek reversal of his conviction on the ground that the People failed

to provide the required notice of intention to offer evidence of certain prior statements pursuant to CPL 710.30 *(see, People v Taylor,* 65 NY2d 1, *see also,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 710.70, at 349).

Finally, there is no merit to the contention that identification evidence arising out of the showup procedure, conducted after defendant's arrest, should have been suppressed. In view of the proximity in time and location of the showup to the time and location that defendant was first observed by the witness and the unbroken chain of events as the police officers pursued defendant, we conclude that the showup procedure was proper *(see, People v Duuvon,* 77 NY2d 541). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.