■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY LOGAN, Appellant. [663 NYS2d 406] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 6, 1995, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.

On December 23, 1994, at approximately 2:00 A.M., a police officer observed defendant pushing a shopping cart down Central Avenue in the Town of Colonie, Albany County. The officer approached defendant in his cruiser and asked him what he was doing with the cart; the officer initially assumed that the shopping cart contained groceries and wanted to inform defendant that he should walk on the sidewalk and return the cart to the appropriate store when he was finished with it. In response to the officer's inquiry, defendant muttered something unintelligible and continued walking in the traffic lane. After defendant failed to respond to the officer a second time, the officer pulled alongside defendant and noticed that the shopping cart was overflowing with cartons of cigarettes. At this time, the officer decided that he would stop defendant and question him further about the contents of the shopping cart. The officer then pulled his police car into an open driveway approximately 20 feet ahead of defendant. Upon reaching the police car, defendant shoved the shopping cart into the car and then ran away pushing the cart along the sidewalk. After contacting the dispatcher, the officer began a foot pursuit; with the aid of a civilian driver of another car, the officer was eventually able to apprehend and handcuff defendant. Thereafter, the officer inventoried the contents of the cart which contained approximately 50 cartons of cigarettes, money and a cigarette lighter display. Later that day it was discovered that a store in close proximity to where the officer initially observed defendant had a plate glass door broken out. A manager of the store was called and a subsequent inventory of the store revealed that the items found in the shopping cart were identical to items removed from the store.

In February 1995 defendant was indicted and charged with burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. Prior to trial, defense counsel moved, *inter alia*, to suppress the evidence found in the shopping cart on the ground that said evidence was illegally seized. After a suppression hearing

wherein only the officer testified, County Court denied defendant's motion finding that the search of the shopping cart was done pursuant to a lawful arrest. After a jury trial defendant was found guilty on all counts of the indictment. County Court sentenced defendant, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years on the burglary in the third degree charge, 2 to 4 years on the grand larceny in the fourth degree charge and 2 to 4 years on the criminal possession of stolen property charge, to be served concurrently. Defendant appeals.

We affirm. Initially, we conclude that County Court properly denied defendant's motion to suppress the evidence found in the shopping cart. Here, the officer testified that when he initially stopped to inquire, he merely "decided to * * * speak to [defendant], to have him get out of the road, and [he] was just going to tell [defendant] when he was done bringing his groceries home, to please return the shopping cart to wherever he got it from". However, when defendant refused to respond and the officer observed the contents of the cart and then, after a subsequent attempt to question him about the large volume of cigarettes, he pushed the cart into the police car and took flight, the officer had a legitimate, reasonable suspicion of criminal activity (*see, People v Martinez*, 80 NY2d 444, 448; *People v Ferguson*, 197 AD2d 702, 703, *lv denied* 82 NY2d 924). "Reasonable suspicion represents that 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand' " (*People v Martinez, supra*, at 448, quoting *People v Cantor*, 36 NY2d 106, 112-113). Further, when there is support in the record for County Court's finding on the issue of reasonable suspicion, this Court must defer to County Court's decision (*see, People v Hicks*, 68 NY2d 234, 238; *see also, People v Martinez, supra*, at 448). We conclude that under the attendant circumstances, including the time, the location, the contents of the shopping cart and defendant's behavior in response to the police inquiry, defendant was properly detained while an investigation was conducted in the surrounding area to determine if any crimes had been committed (*compare, People v De Bour*, 40 NY2d 210, 229).

Next, viewing the evidence in a light most favorable to the People (*see, e.g., People v Alexander*, 75 NY2d 979, 980; *People v Roe*, 74 NY2d 20, 23; *People v Contes*, 60 NY2d 620, 621), we conclude that the evidence at the trial was legally sufficient to support a conviction of burglary in the third degree. Although much of the evidence in this matter was circumstantial, proof

that defendant had sole possession of a shopping cart which contained more than 50 cartons of cigarettes, money and a display of lighters which were determined to be missing from a store in close proximity to where defendant was apprehended and, further, that broken glass was present within the shopping cart and upon defendant's person, in our view supports the jury's determination (*see*, *People v Smith*, 215 AD2d 846).

Finally, we reject defendant's contention that his conviction should be overturned based upon the People's failure to prove that defendant knew that the value of the items in the shopping cart exceeded $1,000. Upon review of Penal Law § 165.45, it is clear that "[i]f the Legislature had intended that the People must prove a culpable mental state in relation to the aggravating factor [value of the property exceeds one thousand dollars], it could have done so simply by direct expression, and by proper placement in the particular provision" (*People v Mitchell*, 77 NY2d 624, 627; *see*, Penal Law §§ 220.21, 165.17). Defendant's reliance on *People v Ryan* (82 NY2d 497) is misplaced; in fact, the Court of Appeals has specifically stated that the "knowingly" requirement attaches only to the fact that the property was stolen—not to the value of the property (*see, e.g., People v Mitchell, supra*).

Crew III, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.