■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN SANDERS, Appellant. [680 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 13, 1996, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On August 10, 1995, while searching in an unmarked police car for the lost subject of a so-called "buy-and-bust" operation which had taken place minutes earlier, a plainclothes police detective and sergeant spotted the defendant and a companion. The companion closely resembled the description of the lost subject. The companion noticed the detective and, after nudging the defendant, they quickly walked away. The unmarked police car followed them the wrong way up a one-way street and the two began to run away from the car. As they did so, the detective observed the companion reach into his waistband and discard a revolver. A few moments later, the detective saw the defendant remove a nine-millimeter pistol from his waistband and throw it into a garbage can. The detective and sergeant exited their car, identified themselves as police officers, drew their guns, and apprehended the defendant. His companion was subsequently apprehended.

Under these circumstances, the police officers were justified in following the defendant in view of the reported criminal activity, the resemblance between the defendant's companion

and the lost subject of the "buy-and-bust" operation and the furtive behavior of the defendant and his companion upon noticing the police officers. Suppression of the physical evidence seized under these circumstances is not warranted where it was obvious that the defendant voluntarily abandoned the evidence prior to his arrest (*see, People v Martinez,* 80 NY2d 444; *People v Leung,* 68 NY2d 734; *People v De Bour,* 40 NY2d 210).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.