■ In the Matter of Felix R., a Person Alleged to be a Juvenile Delinquent, Appellant. [696 NYS2d 455] —Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J., at suppression hearing; Gayle Roberts, J., at fact-finding and disposition), entered on or about August 25, 1998, which adjudicated appellant a juvenile delinquent and placed him with the Office of Children and Family Services for 18 months following a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the third and fourth degrees and unlawful possession of weapons by persons under 16, unanimously reversed, on the law and the facts, without costs, and the petition dismissed. Order, same court (John Hunt, J.), entered on or about August 25, 1998, which revoked appellant's probation and placed him with the Office of Children and Family Services for 12 months, upon a determination that appellant had violated his probation, unanimously reversed, on the law, without costs, and the petition dismissed.

It is well established that before a person may be forcibly stopped the police must have a reasonable suspicion that the person is committing, has committed, or is about to commit a crime (*Terry v Ohio*, 392 US 1, 21-22; *People v Martinez*, 80 NY2d 444, 447; *People v De Bour*, 40 NY2d 210, 223; CPL 140.50 [1]). Here, the undefined bulge in the knapsack of appellant's friend did not, without more, supply the necessary predicate to stop appellant. Significantly, the officers failed to identify any basis for believing that the knapsack contained a weapon.

In addition, the subsequent frisk of appellant was not justified. At the pre-trial suppression hearing, the testifying officer was unable to enunciate any meaningful basis for believing that the undefined bulge in appellant's jacket pocket was a

gun. The Court of Appeals has held that an undefined bulge in a jacket pocket, as opposed to a waistband bulge, is hardly indicative of criminality (*People v Holmes*, 81 NY2d 1056, 1058). In the absence of some indication that appellant was carrying a weapon, the officer's conduct in frisking him was improper (CPL 140.50 [3]; *see, People v Powell*, 246 AD2d 366, *appeal dismissed* 92 NY2d 886).

Finally, Family Court lacked jurisdiction to find appellant in violation of his probation since the petition for violation of probation was filed on August 12, 1998, after the term of probation had already expired (Family Ct Act § 360.1 [1]; § 360.2 [1]). Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.