■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BONEY, Appellant. [751 NYS2d 471] —Judgment, Supreme Court, New York County (Budd Goodman, J., at suppression hearing; Dora Irizarry, J., at plea and sentence), rendered June 28, 2000, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, and order, same court (Dora Irizarry, J.), entered on or about January 18, 2001, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant's suppression motion was properly denied. The police observations as to defendant's conduct, the officers' knowledge that several gunpoint robberies had been committed at the same location by men whose general description was consistent with that of defendant and his companion, and defendant's flight when an officer merely said "police," provided ample justification for the officers' pursuit of defendant (*see People v Martinez*, 80 NY2d 444; *People v Leung*, 68 NY2d 734). Accordingly, defendant's abandonment of his gun "was not precipitated by any illegal police conduct" (*Martinez*, 80 NY2d at 448).

The court properly exercised its discretion in refusing

defendant's request for a further adjournment of the suppression hearing for the purpose of securing the attendance of a potential defense witness, after the court had already granted an adjournment of several days for that purpose. The witness's potential testimony, as described in defendant's offer of proof, would have pertained to matters that were clearly collateral (*see People v Foy*, 32 NY2d 473, 476; *People v Charlton*, 239 AD2d 104, *lv denied* 90 NY2d 903).

The court's summary denial of defendant's motion to vacate the judgment was proper. Defendant's argument that he was denied effective assistance of counsel because his first lawyer did not ensure that he testified before the grand jury was foreclosed by his guilty plea (*People v Petgen*, 55 NY2d 529, 532, 534-535), and, in any event, would not be a basis upon which to vacate the judgment (*see People v Wiggins*, 89 NY2d 872). Defendant did not articulate a factual basis for his claim of undisclosed *Rosario* material (*see People v Poole*, 48 NY2d 144, 149). Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.