■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HIBBERT, Appellant. [813 NYS2d 443]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Donnino, J.), rendered February 26, 2004, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ort, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court correctly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements as the product of an illegal arrest. The defendant's conduct in engaging in various transactions with individuals who approached him on the street gave the police an objective, credible reason to approach him (*see People v Matienzo,* 81 NY2d 778, 780 [1993]), while his evasive and untruthful responses to questions asked by the police officers after they observed such conduct, and his flight after being asked to produce identification, were sufficient to give rise to a reasonable suspicion that the defendant had committed or was about to commit a crime such that pursuit was justified (*see People v Matienzo, supra* at 780; *cf. People v Brogdon,* 8 AD3d 290 [2004]). The defendant's abandonment during the chase of a paper bag containing crack cocaine therefore was not in response to unlawful police conduct, and the drugs found in the bag supplied probable cause for the defendant's arrest (*see People v Matienzo, supra* at 780).

The County Court also properly admitted into evidence expert testimony with respect to the quantity of drugs for sale, as opposed to personal use, and the manner in which such drugs were typically packaged (*see People v Resek,* 3 NY3d 385, 395 [2004]; *People v Hicks,* 2 NY3d 750, 751 [2004]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.