THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL THOMPSON, Appellant. [892 NYS2d 177]—

The defendant's contention that the evidence was legally

insufficient to establish his guilt of the crime of criminal possession of marijuana in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the police lacked probable cause to arrest him and that his statements to the police while in custody should, therefore, have been suppressed is without merit. The conduct of law enforcement officials in conducting surveillance of the subject crate was justified at its inception based on a tip from a special agent to the United States Department of Justice Drug Enforcement Administration, and the accuracy of the tip was verified by law enforcement officials (*see People v De Bour,* 40 NY2d 210 [1976]). The observations of the testifying law enforcement officials with respect to the delivery location and the manner in which the defendant attempted to retrieve the crate, together with the defendant's flight upon the approach of law enforcement officials, justified police inquiry concerning the crate and the pursuit and detainment of the defendant (*id.*; *see People v Woods,* 98 NY2d 627 [2002]; *People v Martinez,* 80 NY2d 444 [1992]). The positive indication by two drug-detecting dogs that there were drugs in the crate gave law enforcement officials probable cause to arrest the defendant (*see People v Martinez,* 80 NY2d 444 [1992]).

Finally, the record demonstrates that the defendant's statements to police were freely and voluntarily given after he knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Anderson,* 42 NY2d 35 [1977]). Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.