■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BORJA, Appellant. [44 NYS3d 904]—Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered April 29, 2014, unanimously affirmed.

Application by defendant's counsel to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with defendant's assigned counsel that there are no non frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.

■ In the Matter of GERALD ST. LOUIS, Petitioner, v WILLIAM J. BRATTON et al., Respondents. [46 NYS3d 40]—

Determination of respondent Police Commissioner, dated March 25, 2015, which approved the findings of the Assistant Deputy Commissioner of Trials that petitioner police officer was guilty of two departmental infractions, and imposed the recommended penalty of forfeiture of three vacation days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan B. Lobis, J.], entered Nov. 24, 2015), dismissed, without costs.

Substantial evidence supports the findings that petitioner improperly stopped a vehicle and frisked the subject driver (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Neither petitioner nor his partner could point to a meaningful basis for believing the driver possessed a weapon or contraband (see e.g. Matter of Felix R., 265 AD2d 227 [1st Dept 1999]). There exists no basis to disturb the credibility determinations of the Assistant Deputy Commissioner of Trials (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.