◼ In the Matter of DARRYL C., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an

order of disposition of the Family Court, Kings County (Gage, J.), dated April 17, 1985, which, upon a fact-finding order dated January 29, 1985, made after a hearing, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent, and discharged him to the Family Court, Queens County, upon the condition that he cooperate with "DFY when bed available". The appeal brings up for review the denial, after a hearing, of the appellant's motion to suppress evidence.

Order of disposition reversed, on the law, without costs or disbursements, fact-finding order vacated, and petition dismissed.

On January 2, 1985, at approximately 12:00 noon, Police Officer Katherine Stanton and her partner, while patrolling the vicinity of Dean and Nevins Street in Kings County, noticed the appellant and a companion standing near the intersection, nervously looking over their shoulders and furtively scanning the area. Officer Stanton had been aware that during the preceding week, numerous armed robberies had occurred in this particular area. The officers, however, only possessed a general description of the suspects; that of two black males, of "varied" ages, wearing dark clothing.

After engaging in a brief surveillance of the appellant and his companion, the officers decided to investigate. The officers approached, identified themselves, and in response, the appellant's companion attempted to flee. The appellant, who was 15 years old at the time, merely "shrugged his shoulders" and then "moved as if to get away". Officer Stanton, without uttering a word, proceeded to frisk the appellant. During the course of the pat down, she felt a bulge near the appellant's waistband, and removed therefrom a .22 caliber revolver containing one round of ammunition.

Contrary to the conclusions of the hearing court, we find that the police acted precipitously in conducting a frisk of the appellant, since the officers did not have a reasonable basis to suspect that the appellant was committing, had committed or was about to commit a crime (see, CPL 140.50). Although the police possessed general information regarding previous episodes of criminal activity, at the time they confronted the appellant they were "neither aware of nor investigating any *specific* crime which had occurred *immediately* before and for which the two men could have been considered suspects" (see,

*People v Ross,* 67 AD2d 955, 957). There was no specific report that the appellant was armed or dangerous, nor did he make any menacing gestures in the officers' presence. The fact that the appellant appeared to look nervous is an insufficient predicate upon which to justify the search of his person since vague and unparticularized hunches will simply not suffice to validate a seizure *(People v Chapman,* 95 AD2d 782). Moreover, the intrusive conduct on the part of the police cannot be justified merely because the area was previously beset by incidents of armed robbery *(see, People v Howard,* 50 NY2d 583, 590, *cert denied* 449 US 1023). Like the situation encountered in the *Howard* case, the police at bar had no specific information that a crime had just occurred or was about to take place, had not seen the appellant engage in any criminal activity, and were confronted only by facts susceptible of innocent interpretation.

Accordingly, we conclude that the hearing court erred in denying the appellant's motion to suppress, and the petition must, therefore, be dismissed. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.