■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DELL'ORFANO, Appellant. [629 NYS2d 88] —Appeal by the defendant, as limited by his brief, from an amended sentence of the Supreme Court, Suffolk County (Mullen, J.), imposed November 23, 1993, upon his conviction of robbery in the second degree, upon a jury verdict, the sentence being an indeterminate term of 20 years to life imprisonment.

Ordered that the amended sentence is affirmed.

In March 1989 the defendant was initially sentenced as a persistent felony offender to an indeterminate term of 20 years to life imprisonment. Thereafter, by decision and order dated October 12, 1993, this Court remitted the matter to the Supreme Court pursuant to Penal Law § 70.10 (2) to set forth on the record the reasons why it was "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate[d] that extended incarceration and life-time supervision [would] best serve the public interest" *(People v Dell'Orfano,* 197 AD2d 587). At the proceeding which followed, the Trial Judge, in complying with this Court's order, stated on the record that he found the defendant to be a persistent violent felony offender and that he was imposing the same sentence originally imposed "by reason of the fact that he is a persistent violent felony offender".

The context in which the proceeding occurred as well as the record clearly indicate that in sentencing the defendant as a persistent violent felony offender, instead of a persistent felony offender the Trial Judge merely misspoke *(see, People v Wright,* 56 NY2d 613). There would have been no need for the court to state its reasons why it was of the opinion that, *inter alia,* the history and character of the defendant warranted extended

incarceration and lifetime supervision, if he had been sentenced as a persistent violent felony offender (Penal Law § 70.08). We additionally stress that the sentence which was imposed was a lawful one for a persistent felony offender pursuant to Penal Law § 70.10 (2); § 70.00 (2).

We further conclude that the adjudication of the defendant as a persistent felony offender was justified by his lengthy history of arrests, convictions, incarcerations, and violent acts *(see, People v Terry,* 117 AD2d 761). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.