■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BLACK, Appellant. [658 NYS2d 994] —Appeal by the defen-

dant from (1) a judgment of the County Court, Dutchess County (Dolan, J.), rendered February 3, 1995, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, rendered February 1, 1996, modifying the sentence imposed upon the conviction of criminal possession of a controlled substance in the seventh degree. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and the resentence are affirmed.

Under the circumstances of this case, the police officer was justified in approaching the defendant initially to request information (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210; People v Wells, 226 AD2d 406). The police officer had reasonable suspicion that criminal activity was underway, justifying the defendant's detention (see, People v Martinez, 80 NY2d 444; CPL 140.50). Under the circumstances of this case, the police officer was also justified in frisking the defendant for weapons (see, People v Batista, 88 NY2d 650; People v Perolta-Rua, 179 AD2d 1051; People v Mateo, 122 AD2d 229; CPL 140.50 [3]).

The court did not improvidently exercise its discretion in adjudicating the defendant a persistent felony offender (see, People v Dell'Orfano, 217 AD2d 588), and the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.