■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE BROGDON, Appellant. [778 NYS2d 45]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 1, 2002, convicting him of criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the seventh degree, and obstructing governmental administration in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials are granted, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

A police officer observed the defendant "hanging out" in the vestibule of a residential building during the hours of midnight to 6:00 A.M. on April 4, 2001. Although the officer knew the building to be a "drug prone location," he did not see anything indicating criminal conduct or anything out of the ordinary. At about 6:00 A.M., he observed the defendant speaking to a man who the officer knew had been banned from the premises and had been arrested several times for drug possession. The defendant was carrying two plastic shopping bags. However, there was nothing unusual about the defendant's conduct or the bags.

The defendant and the man left the premises together. After calling for assistance, the officer approached them, intending to speak to the defendant and to arrest his companion for trespassing. As he made eye contact with the defendant, the defendant turned and ran with the two bags. The officer pursued him and ordered him to stop. When he continued to run, the officer grabbed him. As he did so, the defendant threw one of the bags to the ground. When the officer looked in the bag, he discovered a loaded handgun and some loose rounds of ammunition. He

then placed the defendant under arrest and handcuffed him. Before giving the defendant his *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]), the officer asked him where he got the gun. The defendant stated that it was not his gun. During a subsequent search at police headquarters, crack cocaine was discovered in the defendant's pocket. The other bag the defendant was carrying contained a package of smoked sausages.

The defendant was indicted, inter alia, for criminal possession of a weapon in the third degree. After a hearing, the County Court denied suppression of the physical evidence and statement. The defendant subsequently pleaded guilty, reserving his right to appeal the suppression ruling.

The police may lawfully pursue an individual if they have reasonable suspicion that he or she has committed or is about to commit a crime (*see People v Holmes,* 81 NY2d 1056, 1057-1058 [1993]). Flight together with "other specific circumstances indicating that the suspect may be engaged in criminal activity" can provide reasonable suspicion (*People v Sierra,* 83 NY2d 928, 929 [1994]; *People v Holmes, supra* at 1058). However, flight alone or in conjunction with equivocal circumstances that might permit a request for information is insufficient to justify pursuit (*see People v Holmes, supra* at 1058; *People v Howard,* 50 NY2d 583, 592 [1980], *cert denied* 449 US 1023 [1980]).

Here, there were no specific circumstances indicating that the defendant might be engaged in criminal activity. While the circumstances may have given the officer a reason to approach the defendant to request information, those circumstances, together with his flight, did not justify the officer's pursuit (*see People v Holmes, supra* at 1058; *see also People v Robbins,* decided with *People v Sierra, supra*). Since the pursuit of the defendant was unlawful, the handgun and ammunition in the bag which he abandoned in response to the pursuit should have been suppressed, as well as his statement and the cocaine subsequently discovered (*see People v Robbins, supra; People v Holmes, supra*).

Even if the pursuit of the defendant and his seizure were lawful, the County Court, in any event, should have suppressed his statement. Contrary to the County Court's conclusion, the question posed to the defendant was not merely designed to clarify the situation, but rather, constituted custodial interrogation conducted prior to the administration of *Miranda* warnings (*see People v O'Connor,* 6 AD3d 738 [2004]; *People v Rifkin,* 289 AD2d 262 [2001]; *People v Soto,* 183 AD2d 926 [1992]). Altman, J.P., Goldstein, Adams and Crane, JJ., concur.