■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL D. LOBLEY, Appellant. [817 NYS2d 825]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered February 13, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, that part of the motion seeking to suppress physical evidence is granted, the indictment is dismissed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3], [4]). Defendant contends that Supreme Court erred in refusing to suppress the gun that he threw into the air during a pursuit by police. We agree.

According to the testimony of two police witnesses at the *Mapp* hearing, a community group had made a complaint of trespassing, loitering and narcotics use at an address in Buffalo. Upon arriving at that address, the officers observed a group of up to five men seated on the stoop of the residence and defendant, who was known to the police officers, was standing near the men. One officer testified that he knew that defendant did not reside there, and the officer therefore believed that there was a possibility that defendant was trespassing. When that officer made eye contact with defendant and asked him to "stop," defendant ran into the downstairs apartment of the residence. The officer pursued defendant and, upon discovering that the door was locked, the officer knocked "hard" on the door and it was opened by a woman. The officer observed defendant in the residence, holding a gun at his side. Defendant ran from the rear door of the residence into the driveway, whereupon the other officer observed defendant holding a gun and demanded that he stop. Defendant threw the gun into the air and ran through the backyard. The gun was recovered, and defendant was arrested at a later time.

"Police pursuit of an individual 'significantly impede[s]' the person's freedom of movement and thus must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed . . . . Flight alone, however, or even in conjunction with equivocal circumstances that might justify a police request for information . . . , is insufficient to justify pursuit because an individual has a right 'to be let alone' and refuse to respond to police inquiry" (*People v Holmes*, 81 NY2d 1056, 1057-1058 [1993]; *see generally People v De Bour*, 40 NY2d 210, 223 [1976]). As the People correctly concede, the police had an objective, credible reason to approach defendant but they had no right to pursue him to the residence. The People contend, however, that the illegal pursuit ended when the police reached the locked door and that, when the door was opened, the observation by the police of defendant holding a gun provided probable cause for his arrest. We reject that contention. When the officers first observed defendant, he was simply standing next to a group of men seated on the stoop, and "[d]efendant's later conduct cannot validate an encounter that was not justified at its inception" (*People v Moore*, 6 NY3d 496, 498 [2006]). Indeed, "[i]f these circumstances could combine with flight to justify pursuit, then in essence the right to inquire would be tantamount to the right to seize, and there would, in fact, be no right 'to be let alone' " (*Holmes*, 81 NY2d at 1058; *see Moore*, 6 NY3d at 500). Even assuming, arguendo, that defendant was trespassing on the premises, we conclude that such trespass under these circumstances would constitute a violation rather than a felony or misdemeanor (*see* Penal Law § 140.05), and the trespass therefore would not constitute the requisite criminal activity to justify a forcible stop (*see De Bour*, 40 NY2d at 223). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.