■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HEZEKIAH PEARSON, Respondent. [875 NYS2d 109]—

Appeal by the People from an order of the Supreme Court, Queens County (Kron, J.), dated February 14, 2008, which, upon reargument, adhered to its original determination in an order dated January 14, 2008, confirming the recommendation of a Judicial Hearing Officer (O'Dwyer, J.H.O.), dated January 9, 2008, made after a hearing, and granting those branches of the

defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the order dated February 14, 2008 is affirmed.

Without a "founded suspicion that criminal activity is afoot" (*People v De Bour*, 40 NY2d 210, 223 [1976]), a police officer may not do more than request information from a person the officer encounters on the street (*see People v Hollman*, 79 NY2d 181, 184, 191-192 [1992]; *People v De Bour*, 40 NY2d at 213, 219). Here, the officer approached the defendant only because of the officer's concern that the defendant might have been the victim of an automobile accident. Neither the officer's initial inquiry of the defendant nor the circumstances surrounding the encounter gave rise to any additional indication of criminal behavior. As a result, there was no legitimate basis for the officer's request that the defendant alight from the bicycle on which he was seated. The subsequent discovery of the knife, which came into the police officer's view only after the defendant had complied with the officer's request, "cannot validate an encounter that was not justified at its inception" (*People v Moore*, 6 NY3d 496, 498 [2006]). The hearing court also properly suppressed the defendant's subsequent statement to police as the fruit of the illegal search and seizure (*see Wong Sun v United States*, 371 US 471, 484 [1963]; *Matter of Marlon H.*, 54 AD3d 341 [2008]). Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.