In the Matter of ALAN L., Respondent; PRESENTMENT AGENCY, Appellant. [921 NYS2d 534]—

In related juvenile delinquency proceedings pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Turbow, J.), dated April 30, 2010, which, after a hearing, granted those branches of Alan L.'s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials, and dismissed the petitions.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly granted that branch of the

omnibus motion of Alan L. (hereinafter the respondent) which was to suppress physical evidence. At the suppression hearing, the testimony of the arresting officer failed to establish that he had reasonable suspicion to justify his stop and frisk of the respondent (*see People v De Bour*, 40 NY2d 210, 222-223 [1976]; *People v Silvestry*, 50 AD3d 931 [2008], *affd* 11 NY3d 902 [2009]; *Matter of Emmanuel O.*, 32 AD3d 948, 950 [2006]; *People v Stevenson*, 7 AD3d 820, 821 [2004]; *Matter of Darryl C.*, 120 AD2d 523, 525 [1986]; *see also Matter of Victor M.*, 9 NY3d 84, 87 [2007]; *People v Holmes*, 81 NY2d 1056, 1058 [1993]). Moreover, the presentment agency failed to meet its burden of proving that the respondent voluntarily consented to the search of his backpack (*see generally People v Gonzalez*, 115 AD2d 73, 79 [1986], *affd* 68 NY2d 950 [1986]; *cf. People v Faines*, 297 AD2d 590, 594-595 [2002]; *People v Nelson*, 266 AD2d 730, 731-732 [1999]).

The Family Court also properly suppressed the respondent's subsequent statements to law enforcement officials as the fruit of the illegal search and seizure (*see Wong Sun v United States*, 371 US 471, 484 [1963]; *People v Pearson*, 59 AD3d 743, 744 [2009]).

Without the physical evidence and the statements, there is no basis to find that the respondent committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree as charged in the petitions. Therefore, the Family Court properly dismissed the petitions. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.