THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD BECKETT, Appellant. [931 NYS2d 126]—

As developed at a combined *Huntley/Dunaway/Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]; *People v Huntley*, 15 NY2d 72 [1965]), on February 6, 2010, at or around 7:50 P.M., a police officer of the Village of Freeport Police Department was working in plain clothes and responded to a radio call about a robbery at a liquor store in Freeport. The description of the suspect was a "male black with a black jacket." The officer, who was driving an unmarked Crown Victoria patrol car, responded to the call and was traveling on Southside Avenue when, at approximately "7:54, 7:55" P.M., he observed the defendant, "a male black with a black jacket and a red and white, like a high

school jacket, walking eastbound on Southside Avenue." The officer observed the defendant walking "at a fairly fast pace." When the officer slowed down his vehicle, the defendant looked at the vehicle, and began to run southbound through the backyards of Southside Avenue. The officer pursued the defendant, identifying himself as a police officer during the pursuit, and ultimately detained the defendant. Subsequently, three victims of the robbery appeared at the scene, identified the defendant as the robber, and the defendant was placed under arrest. Subsequent to his arrest, physical evidence was recovered from the defendant and he provided a statement admitting his guilt to law enforcement officials.

At the conclusion of the hearing, the County Court found that the police conduct was reasonably responsive to the situation presented, and denied suppression of the physical evidence, identification testimony, and the defendant's statement to law enforcement officials. We reverse.

"The police may lawfully pursue an individual if they have reasonable suspicion that he or she has committed or is about to commit a crime" (*People v Brogdon*, 8 AD3d 290, 292 [2004]; *see People v Holmes*, 81 NY2d 1056, 1057-1058 [1993]). Flight plus "other specific circumstances indicating that the suspect may be engaged in criminal activity" can provide reasonable suspicion (*People v Sierra*, 83 NY2d 928, 929 [1994]). "However, flight alone or in conjunction with equivocal circumstances that might permit a request for information is insufficient to justify pursuit" (*People v Brogdon*, 8 AD3d at 292; *see People v Holmes*, 81 NY2d at 1058; *People v Howard*, 50 NY2d 583, 592 [1980], *cert denied* 449 US 1023 [1980]).

Here, the People failed to establish the distance between the location of the defendant when he was first observed by the officer and the location of the robbery. As such, the People failed to establish spatial proximity between the crime and the location of the defendant. Furthermore, the evidence presented at the hearing was insufficient to establish that the defendant knew that the officer was a police officer at the time he started to flee, as the officer was in plain clothes and was driving an unmarked Crown Victoria patrol car (*see People v Riddick*, 70 AD3d 1421, 1423-1424 [2010]). Indeed, at the hearing, the officer acknowledged that he did not identify himself as a police officer until he was in the midst of pursuing the defendant.

Moreover, there were no specific circumstances indicating that the defendant might be engaged in criminal activity. Therefore, the defendant's flight did not justify the officer's pursuit (*see People v Brogdon*, 8 AD3d at 292; *People v Holmes*,

81 NY2d at 1058). That the defendant matched an extremely vague description of the suspect, which contained no information regarding the suspect's height or weight, and did not indicate that the suspect was wearing a red and white jacket, was not sufficiently indicative of criminal activity (*see People v Waters*, 259 AD2d 642 [1999]). In the radio call received by the officer, the suspect was described as a "male black with a black jacket," but the defendant was observed wearing a red and white jacket over a black jacket. In addition, the radio call did not indicate the direction the suspect was traveling, and the testimony at the hearing did not establish exactly when the robbery occurred. Thus, on this record, there are no circumstances that, when combined with the defendant's flight, would constitute reasonable suspicion sufficient to justify the officer's pursuit (*see People v Smalls*, 83 AD3d 1103, 1104-1105 [2011]; *Matter of Emmanuel O.*, 32 AD3d 948, 949-950 [2006]; *People v Brogdon*, 8 AD3d at 292).

As a result, the pursuit of the defendant and his seizure were unlawful. Consequently, the physical evidence, identification testimony, and the defendant's statement to law enforcement officials should have been suppressed as "fruit of the poisonous tree" (*Wong Sun v United States*, 371 US 471, 488 [1963] [internal quotation marks omitted]; *see People v Day*, 8 AD3d 495, 496 [2004]).

Accordingly, we reverse the judgment, vacate the plea, and remit the matter to the County Court, Nassau County, for further proceedings on the indictment. Angiolillo, J.P., Balkin, Hall and Cohen, JJ., concur.