Appeals by the People (1) from an order of the Supreme Court, Queens County (Holder, J.), dated October 20, 2011, which, after a hearing, granted the defendant’s motion to suppress physical evidence, and (2), as limited by their brief, from so much of an order of the same court dated January 6, 2012, as, upon re-argument, adhered to the original determination.
Ordered that the appeal from the order dated October 20, 2011, is dismissed, as that order was superseded by the order dated January 6, 2012, made upon reargument; and it is further,
*855 Ordered that the order dated January 6, 2012, is affirmed insofar as appealed from.
At a suppression hearing, a police detective testified that his team had received information from a confidential informant that a drug transaction was going to take place in the vicinity of 21st Street and Astoria Boulevard in Queens later that day. The informant described the subject as a male Hispanic, who was approximately five feet seven inches to five feet eight inches tall, and in his thirties. Upon arriving at that location, the detective saw the defendant sitting inside a restaurant alone. As he walked toward the restaurant, the detective saw the defendant go out the side exit and walk down the block. He followed the defendant, who started picking up his pace as he looked over his shoulder. The defendant then started running. The detective identified himself as a police officer and started chasing the defendant. During the chase, the detective saw the defendant throw a small object to the ground. The defendant then entered a house using a key. The detective followed the defendant and saw him enter an apartment in the house. After the rest of the detective’s team arrived, they knocked on the apartment door numerous times. The door was opened by another man, who slammed the door shut when the detectives identified themselves. The detectives then broke the door open and pushed their way inside. After an incident with the man’s pit bull, and the resulting arrest of the man, the detective saw the defendant, who was in the back room, throw two knapsacks out the window and jump out the window after them. The bags were recovered and contained marijuana and heroin. A search warrant was obtained for the apartment, where more drugs were found. The small object thrown by the defendant during the chase was also recovered and contained cocaine.
After the hearing, in an order dated October 20, 2011, the Supreme Court granted the defendant’s motion to suppress the physical evidence. Upon the People’s motion for leave to reargue the motion, the Supreme Court granted reargument and, upon reargument, adhered to the original determination. The People appeal.
The Supreme Court properly, upon reargument, adhered to its prior determination granting the suppression motion. “Police pursuit of an individual ‘significantly impede[s]’ the person’s freedom of movement and thus must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed” (People v Holmes, 81 NY2d 1056, 1057-1058 [1993], quoting People v Martinez, 80 NY2d 444, 447 [1992]). Flight, combined with other specific circumstances indicating *856 that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit (see People v Matienzo, 81 NY2d 778 [1993]; People v Martinez, 80 NY2d 444 [1992]; People v Leung, 68 NY2d 734 [1986]). “Flight alone, however, or even in conjunction with equivocal circumstances that might justify a police request for information, is insufficient to justify pursuit because an individual has a right to be let alone and refuse to respond to police inquiry” (People v Holmes, 81 NY2d at 1058 [internal quotation marks and citations omitted]; see People v May, 81 NY2d 725, 728 [1992]; People v Beckett, 88 AD3d 898 [2011]).
Here, there were no specific circumstances indicating that the defendant might be engaged in criminal activity. The fact that the defendant matched the extremely vague description given by the informant of someone who would conduct a drug transaction somewhere in the vicinity, sometime later that day, was not sufficiently indicative of criminal activity (see People v Beckett, 88 AD3d 898 [2011]). At most, the circumstances provided an objective reason, not necessarily indicative of any criminality, justifying a level one request for information (see People v De Bour, 40 NY2d 210, 223 [1976]; People v Cady, 103 AD3d 1155 [2013]). Therefore, the defendant’s flight did not justify the detective’s pursuit (see People v Holmes, 81 NY2d 1056 [1993]; People v May, 81 NY2d at 727-728; People v Carmichael, 92 AD3d 687 [2012]). The defendant’s action of throwing a small object during the chase was precipitated by the unlawful pursuit and not attenuated from it and, thus, that evidence was properly suppressed (see People v Carmichael, 92 AD3d 687 [2012]; People v Cadle, 71 AD3d 689 [2010]; People v Lopez, 67 AD3d 708 [2009]).
Moreover, the detective compounded the unlawful pursuit by entering the apartment without consent or probable cause and exigent circumstances (see generally Payton v New York, 445 US 573 [1980]). While retreat into one’s home cannot thwart an otherwise proper arrest set in motion in a public place, probable cause for the arrest is required (see United States v Santana, 427 US 38, 42 [1976]; People v Thomas, 164 AD2d 874 [1990]). When the detective entered the apartment, he did not have probable cause to believe that the defendant had committed a crime. Accordingly, all of the physical evidence was properly suppressed. Angiolillo, J.E, Dickerson, Austin and Hinds-Radix, JJ., concur.