■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE JENNINGS, Appellant. [12 NYS3d 275]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered December 10, 2009, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Efman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence. By decision and order of this Court dated October 2, 2013, the matter was remitted to the County Court, Suffolk County, for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal was held in abeyance in the interim (*see People v Jennings*, 110 AD3d 738 [2013]). The County Court, Suffolk County (Efman, J.), has now filed its report.

Ordered that the judgment is affirmed.

The defendant was arrested after he threw a gun away while being pursued on foot by a detective. The County Court denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress the gun. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third

degree, and resisting arrest. The defendant appeals from the judgment of conviction. By decision and order dated October 2, 2013, this Court held the appeal in abeyance and remitted the matter to the County Court for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to suppress the gun. Upon remittal, the County Court held a suppression hearing and, thereafter, denied that branch of the motion.

At the suppression hearing, Suffolk County Police Department Detective Christopher Talt testified that, on the evening of December 20, 2007, he and another detective were in plainclothes, in an unmarked Ford Explorer, traveling westbound on Saint Johns Street in Central Islip. As they stopped at a stop sign at the intersection of Saint Johns Street and Cordello Avenue, they observed a parked late-model Chevy Malibu to their right on Cordello Avenue, facing north. Detective Talt testified that he observed the four male occupants of the Malibu exit the vehicle, walk around it, and reenter the vehicle, and that, almost immediately thereafter, three of the occupants re-exited the vehicle, while one remained in the front passenger seat. At that point, the male who had been in the driver's seat opened the hood of the Malibu. Detective Talt and his partner pulled up behind the Malibu, exited their vehicle, and identified themselves as police. The defendant turned his back to the detectives and began walking away, at a quickening pace, in the northbound direction. Detective Talt gave chase, and the defendant, as he ran, threw a gun toward the side of the road. Detective Talt recovered the gun and, shortly thereafter, apprehended the defendant nearby on Saint Johns Street.

Upon remittal, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun. The evidence adduced at the suppression hearing established that Detective Talt, who had made numerous drug and weapons arrests in his career, observed the Malibu parked in a high-crime area, where he had made street arrests for narcotics and weapons and had investigated shootings, robberies, and burglaries. He further testified that, in his experience, narcotics and weapons could be hidden under a car hood. Contrary to the defendant's contention, based on these initial observations of the vehicle and its occupants, Detective Talt and his partner had an objective, credible reason to approach the Malibu and, therefore, did not act improperly, in the first instance, in approaching the vehicle to request information (see People v De Bour, 40 NY2d 210, 223 [1976]). Thereafter, Detec-

tive Talt acted properly in pursuing the defendant. "Police pursuit of an individual significantly impede[s] the person's freedom of movement and thus must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Nunez*, 111 AD3d 854, 855 [2013] [internal quotation marks omitted]; *see People v Holmes*, 81 NY2d 1056, 1057-1058 [1993]; *People v Martinez*, 80 NY2d 444, 447 [1992]). "Flight, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit" (*People v Nunez*, 111 AD3d at 855-856; *see People v Leung*, 68 NY2d 734 [1986]; *People v Carmichael*, 92 AD3d 687, 688 [2012]). Here, Detective Talt had reasonable suspicion of criminal activity based on the defendant's flight, combined with the unusual activity of the occupants of the Malibu, Detective Talt's knowledge that that specific location was a high-crime area, and his knowledge that contraband could be hidden under a car hood. Accordingly, the court properly declined to suppress the gun.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.