People v Box (2018 NY Slip Op 06760)





People v Box


2018 NY Slip Op 06760


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-01507
 (Ind. No. 1916/13)

[*1]The People of the State of New York, respondent,
v
Dillon Box, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered January 30, 2015, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Thomas A. Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was seated in the driver's seat of a parked vehicle owned by his mother when police officers seized a gun from the open trunk of the vehicle and subsequently arrested the defendant. The officers saw the gun in the trunk after the officers approached to request information from the codefendant, whose entire upper body had been inside the trunk at the time the officers stopped to inquire. The Supreme Court denied those branches of the defendant's ensuing omnibus motion which were to suppress the gun and a subsequent statement the defendant made to law enforcement officials. The defendant thereafter was convicted of criminal possession of a firearm, and he challenges the suppression ruling on appeal.
Contrary to the defendant's contention, the police officers had an objective, credible reason, although not necessarily indicative of criminality, to approach the vehicle and request information (see People v De Bour, 40 NY2d 210, 223; People v Jennings, 129 AD3d 1103, 1104), after which, it is undisputed, they observed the gun in plain view (see People v Brown, 96 NY2d 80, 88). Accordingly, the Supreme Court properly declined to suppress the physical evidence and subsequent statement.
The People's remaining contention is academic, and, in any event, not properly before the Court (see People v LaFontaine, 92 NY2d 470).
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court