People v Singleton (2022 NY Slip Op 01893)





People v Singleton


2022 NY Slip Op 01893


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


7 KA 18-01926

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON M. SINGLETON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered May 18, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress tangible evidence is granted, the indictment is dismissed, and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that County Court erred in denying his motion to suppress certain tangible evidence recovered by police officers following the officers' stop of a taxi in which defendant was a passenger. We agree inasmuch as we conclude that the People failed to meet their initial burden of showing the legality of the police conduct in the first instance (see People v Berrios, 28 NY2d 361, 367 [1971]; People v Dortch, 186 AD3d 1114, 1115 [4th Dept 2020]). The necessary predicate for the stop of defendant's vehicle was " 'at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' " (People v Lopez, 149 AD3d 1545, 1547 [4th Dept 2017]; see People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]). At the suppression hearing, a police detective testified that he directed the stop of the taxi based on a belief that defendant was in fact a different man whom authorities had identified as a suspect in a shooting that had occurred over a month earlier. The detective had received a tip from an informant that led him to believe that the shooting suspect might be in a specified motel room. Surveillance was set up around the motel, but the detective himself was not in a position from which he could observe the motel room. Upon being informed that a black male had exited the motel room and left the premises in the taxi, the detective directed that the taxi be stopped by patrol cars.
We agree with defendant that the People failed to establish that the detective had reasonable suspicion to believe that defendant, the passenger in the taxi, was the shooting suspect (see Lopez, 149 AD3d at 1547). The detective conceded that he had never seen a still photo of the suspect, that the video of the shooting that he did view lacked detail, and that he was unaware of whether the suspect's actual height, weight, skin tone, or other specific discernable characteristic were on the arrest warrant for the shooting suspect. Further, the informant never identified the man in the motel room as the shooter, and the vague description given, i.e., that the man was from Rochester, that his nickname was the ubiquitous "Jay," and that he "had a warrant", is too generalized to support the reasonable suspicion required for the officers' stop of the taxi (see People v Jones, 174 AD3d 1532, 1534 [4th Dept 2019], lv denied 34 NY3d 982 [2019]; Lopez, 149 AD3d at 1547; People v Nunez, 111 AD3d 854, 856 [2d Dept 2013]; cf. People v Cash J.Y., 60 AD3d 1487, 1488 [4th Dept 2009], lv denied 12 NY3d 913 [2009]). This [*2]is also not a case in which the "proximity of the defendant to the site of the crime[ and] the brief period of time between the crime and the discovery of the defendant near the location of the crime" added to the totality of circumstances supporting the detective's reasonable suspicion (People v Clark, 191 AD3d 1485, 1486 [4th Dept 2021], lv denied 37 NY3d 954 [2021] [internal quotation marks omitted]). Given that the stop of the taxi was not supported by a reasonable suspicion of criminality, the tangible evidence recovered therefrom should have been suppressed as the unattenuated by-product of the illegal stop (see Lopez, 149 AD3d at 1547-1548). In addition, because our determination results in the suppression of all evidence supporting the crime charged, the indictment must be dismissed (see id. at 1548). We therefore reverse the judgment and grant defendant's motion insofar as it sought suppression of tangible evidence, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45. In light of our decision, we do not address defendant's remaining contentions.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court