People v Washington (2023 NY Slip Op 05088)

People v Washington

2023 NY Slip Op 05088

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

731 KA 19-01030

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JQUANE WASHINGTON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 1, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant, and the People correctly concede, that his waiver of the right to appeal is invalid because Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Washington, 208 AD3d 1649, 1649 [4th Dept 2022], lv denied 39 NY3d 965 [2022]; People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]).
Defendant's challenge to the constitutionality of Penal Law
§ 265.03 in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]) is not preserved for our review (see CPL 470.05 [2]; People v McWilliams, 214 AD3d 1328, 1329 [4th Dept 2023], lv denied 39 NY3d 1156 [2023]; People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]). For the reasons stated in People v McWilliams, we reject defendant's contention that his constitutional challenge to his conviction is exempt from preservation (see McWilliams, 214 AD3d at 1329-1330). We decline to exercise our power to review defendant's challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
The sentence is not unduly harsh or severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court