People v Milord (2024 NY Slip Op 04682)

People v Milord

2024 NY Slip Op 04682

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

599 KA 19-01127

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAALIQUE J. MILORD, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered August 20, 2018. The judgment convicted defendant upon his plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law
§ 140.25 [2]). We agree with defendant, and the People correctly concede, that his waiver of the right to appeal is invalid because Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Washington, 220 AD3d 1231, 1232 [4th Dept 2023], lv denied 40 NY3d 1082 [2023]).
Defendant contends that the court erred in refusing to suppress the handgun that he discarded while being pursued by the police, and the holster recovered from the parked vehicle in which defendant was observed sitting in the driver's seat prior to his flight, during an incident in September 2017. The evidence adduced at the suppression hearing established, inter alia, that a patrol officer observed the vehicle parked, with large puffs of smoke coming from it, in an area known for marihuana sales. Contrary to defendant's contention, based on the patrol officer's initial observations of the vehicle and of defendant sitting in the driver's seat, the officer had an objective, credible reason to approach the vehicle and, therefore, did not act improperly, in the first instance, in stopping his patrol vehicle and approaching the parked vehicle to request information (see People v
De Bour, 40 NY2d 210, 223 [1976]; People v Jennings, 129 AD3d 1103, 1104 [2d Dept 2015], lv denied 26 NY3d 1089 [2015]; see also People v Dixon, 203 AD3d 1726, 1726-1727 [4th Dept 2022], lv denied 38 NY3d 1032 [2022]).
We also conclude that, contrary to defendant's contention, the patrol officer who initially approached defendant, as well as another police officer who was present, acted properly in pursuing defendant after he exited the parked vehicle and fled. "Police pursuit of an individual significantly impede[s] the person's freedom of movement and thus must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed" (People v Lobley, 31 AD3d 1161, 1163 [4th Dept 2006] [internal quotation marks omitted]; see People v Holmes, 81 NY2d 1056, 1057-1058 [1993]). "Flight, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, [may] provide the predicate necessary to justify pursuit" (Holmes, 81 NY2d at 1058). Here, the patrol officer who initially approached defendant testified that, after exiting his vehicle, he smelled a strong odor of burnt marihuana, and that he was familiar with the odor of burnt marihuana based on his training [*2]and experience. That evidence, along with the evidence of defendant's flight and the patrol officer's knowledge that the area was known for marihuana sales, established that, at the time of the encounter, the officers had reasonable suspicion to pursue defendant (see People v Wright, 210 AD3d 1486, 1490 [4th Dept 2022]; People v Hough, 151 AD3d 1591, 1592 [4th Dept 2017], lv denied 30 NY3d 950 [2017]; see generally Holmes, 81 NY2d at 1058).
We have considered defendant's remaining contentions concerning the court's suppression ruling and conclude that they do not warrant reversal or modification of the judgment.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court