■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA WALLACE, Also Known as DIANA WALLACE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered July 30, 1984, convicting her of grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Probable cause is not a necessary predicate for all contact between the police and the citizenry in the course of an investigation *(People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931), and the police may intrude upon a citizen in a public place for the purpose of requesting information, so long as such intrusion is not arbitrary, based on whim, curiosity or caprice or with an intent to harass *(People v De Bour,* 40 NY2d 210). Of course, there must be an "articulable reason sufficient to justify" such a request for information *(People v De Bour, supra,* p 213), but such reason need not necessarily rest on any indication of criminal activities.

The record on appeal reveals that Officer Fitzgerald, although not observing any criminal activity, saw 15 to 20 people, in a high-crime location, standing around the defendant's car examining clothing and shoes. The trunk of the car was open and full of clothes and shoes with the store tags still attached to them. As Fitzgerald drove by, the defendant slammed the trunk shut, and the people began to disperse. At this point, the police officer clearly had an "articulable reason" to justify his decision to stop and conduct a limited inquiry of the defendant for the purpose of obtaining information as to where the clothes came from.

We have reviewed the defendant's other claims and find

them to be without merit. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.