■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL TODD DASH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 24, 1984, convicting him of rape in the first degree, sexual abuse in the first degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While illegally obtained physical evidence is inadmissible as substantive proof in the People's case-in-chief, it may be used for purposes of impeaching a defendant who testifies in his own behalf (see, United States v Havens, 446 US 620, reh denied 448 US 911; People v Donnelly, 103 AD2d 941, 942). On appeal, the defendant apparently recognizes that this rule was properly applied to permit the prosecutor to cross-examine him regarding certain items of suppressed evidence; the thrust of his argument is that during the summation the prosecutor improperly mischaracterized and misstated that evidence. However, no objection to the alleged impropriety was interposed at trial; thus the issue of law was not preserved for appellate review (CPL 470.05 [2]; People v Nuccie, 57 NY2d 818, 819). The allegedly inflammatory comments made by the prosecutor during summation were similarly unpreserved for appellate review, and in any case represented fair comment in response to the defense counsel's summation (see, People v Lowen, 100 AD2d 518). Furthermore, the one instance where the prosecutor vouched for his witness was cured upon objection.

Contrary to the defendant's contention, counsel's representation of the defendant, when the trial is viewed as a whole, was quite able (see, People v Baldi, 54 NY2d 137, 146-147).

Finally, the sentence imposed represents a proper exercise of discretion by the trial court. Niehoff, J. P. Kunzeman, Kooper and Sullivan, JJ., concur.