■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALD DAWKINS, Appellant. [607 NYS2d 315] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered November 16, 1989, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of imprisonment of 1 year, to be served concurrently with a term of imprisonment of 18 years to life imposed in connection with an unrelated conviction, unanimously affirmed.

The hearing court properly denied defendant's suppression motion in all respects. The arresting officer's observation, in an area known for weapon and drug related arrests, of defendant hastily shoving an object into his waistband at the mere sight of an approaching police car, combined with his hasty retreat into a nearby building accomplished by running in

front of the moving police car and pushing aside a woman and child, provided an objective, credible reason for the police to follow defendant into the building for purposes of inquiry *(People v Hollman,* 79 NY2d 181, 185). When the officer, lawfully inside the building in question, observed defendant throw down a handgun, probable cause existed for his arrest *(People v De Bour,* 40 NY2d 210). Defendant's action in throwing down the gun was not precipitated by any illegal police conduct, and thus constituted a calculated, voluntary abandonment *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Defendant's statement, made during the arresting officer's taking of pedigree information following a lawful arrest, was a spontaneous utterance and not the result of any police questioning, express or implied, intended to elicit an incriminating response *(People v Smith,* 151 AD2d 792, 792-793, *lv denied* 74 NY2d 900). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.