■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN JENKINS, Respondent. [617 NYS2d 766] —Order, Supreme Court, New York County (Joan C. Sudolnik, J.), entered June 1, 1993, which granted defendant's motion to suppress physical evidence and a post-arrest statement by defendant, who had been charged with one count of criminal possession of a weapon in the third degree, unanimously reversed, on the law, and the case remanded for further proceedings.

The testimony at the suppression hearing by the arresting officer, a 13-year veteran of the New York City Police Department, was that while on patrol in plainclothes, driving past the corner of 159 Street and Amsterdam Avenue in New York County at 12:10 A.M. on January 7, 1993, he observed a group of people standing around. He noticed that one of them, defendant, established eye contact with him. Defendant then began to behave nervously, and as he was turning away from the officer's view and walking away, reached into his waistband, and began removing a dark object. The officer and his partner then exited the vehicle, guns holstered, and directed defendant to stop and to show his hands. The defendant continued to turn away, completed the removal of the dark object from his waistband, tossed it into a pile of trash bags, and began walking away from the officers. The partner grabbed defendant, and the arresting officer quickly recovered a weapon from among the trash bags and placed defendant under arrest.

In our view, this encounter conformed with the four-tiered, gradated standard for permissible police intervention set forth in *People v De Bour* (40 NY2d 210) and its progeny. The officers had a founded suspicion that criminality was afoot, based upon their observation from the car of defendant's conduct; the Court of Appeals has recognized that an object stored in the waistband is most likely to be a weapon *(see, People v De Bour, supra,* at 221; *People v Benjamin,* 51 NY2d 267, 271). This provided the officers with the common law right to approach defendant and make inquiry, a tier two intervention under *De Bour.* The plainclothes officers' command to stop and show hands, in a public setting, with guns holstered, and without any physical restraint on defendant's freedom of movement, did not constitute a seizure *(see, People v Bora,* 83 NY2d 531, 534-536, citing *People v Hollman,* 79 NY2d 181; *People v Hicks,* 68 NY2d 234, 240). Defendant was seized, a tier three intervention under *De Bour,* only after the officers observed him remove the dark object from his waistband, discard it, and attempt to flee, which amounted to the requisite reasonable cause to believe that a crime had been committed *(see, People v Martinez,* 80 NY2d 444, 447; *People v Leung,* 68 NY2d 734, 736; *People v Matienzo,* 81 NY2d 778, 780). Reasonable cause quickly graduated to probable cause when within seconds of defendant's seizure, the officer recovered the discarded weapon. Only then was defendant arrested, a tier four intervention under *De Bour.*

Contrary to defendant's assertion, therefore, his discarding the gun was "not precipitated by any illegal police conduct, and thus constituted a calculated, voluntary abandonment" *(People v Dawkins,* 201 AD2d 336, 337, *lv denied* 83 NY2d 851, citing *People v Boodle,* 47 NY2d 398, 404). Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.