THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GOLE, Appellant. [645 NYS2d 818]

The defendant erroneously contends that marijuana and an unlicensed gun found in his home should have been suppressed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the suppression court, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). We are satisfied that the hearing court properly credited the detectives' testimony that the items seized were in plain view.

In addition, the defendant's contention that he did not open the door to the introduction of testimony about cocaine that was suppressed is without merit. Having gained a favorable suppression ruling as to a quantity of drugs, the defendant in cross-examining a police witness, sought to exploit the ruling by creating the impression that the police report (which described the total weight seized, including the suppressed amounts) was wrong. In so doing, however, the County Court correctly determined that the defendant opened the door and thereby permitted the police officer on redirect to explain the discrepancy in the report (People v Mullins, 179 AD2d 48; United States ex rel. Castillo v Fay, 350 F2d 400, cert denied 382 US 1019).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.