◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD MCFADDEN, Appellant. [692 NYS2d 395] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered March 20, 1996, convicting him of murder in the second degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the partial denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statements to Nassau County Detectives Richard Lane and Martin Alger were improperly admitted at trial because the hearing court had suppressed those statements. This contention is without merit since it was the defendant himself, not the People, who elicited the subject statements during the defendant's cross-examination of Detective Lane (*see generally, People v Gole,* 228 AD2d 696).

The hearing court properly denied suppression of the defendant's unsolicited statements to Lieutenant Frank Guiddice which were made following the interrogation by Detectives Lane and Alger. Some time after Lane and Alger left the interrogation room, Lieutenant Guiddice entered and informed the defendant that he needed to fill out a physical fitness form. Thereupon, and with no prompting or questioning on the part of Lieutenant Guiddice, who was not involved in the investigation, the defendant stated that he had murdered Robert Silk and would inform Guiddice of the location of the body in exchange for a deal on his sentence. Contrary to the defendant's contention, his statements were not induced by the functional equivalent of questioning but, rather, were spontaneous and were properly admitted into evidence (*see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Lanahan,* 55 NY2d 711; *People v Stoesser,* 53 NY2d 648; *People v Maerling,* 46 NY2d 289).

Moreover, the defendant has not preserved for appellate review his contention that certain remarks by the prosecutor during summation constituted reversible error (*see,* CPL 470.05 [2]). In any event, the remarks in question were proper rhetorical comment or responsive to the defendant's summation (*see, People v Galloway,* 54 NY2d 396; *People v Rodrigues,* 258 AD2d 482; *People v Pierce,* 219 AD2d 856; *People v Wilson,* 181 AD2d 562; *People v Gould,* 181 AD2d 543).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.