■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN LAFONTANT, Appellant. [847 NYS2d 650]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered February 10, 2005, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that his right to be secure against unreasonable searches and seizures was violated when his parole officer searched the cell phone recovered from him upon his arrest for possessing a weapon, and discovered a picture of him holding what he later testified was a toy gun. The Supreme Court rejected this argument and denied that branch of the defendant's omnibus motion which was to suppress the photograph, finding the parole officer's conduct proper. We disagree.

The search of the defendant's cell phone, for the purpose stated by the parole officer, was not reasonably designed to lead to evidence of a parole violation and, accordingly, was not reasonably related to the parole officer's duty to prevent parole violations (*see People v Candelaria*, 63 AD2d 85, 90 [1978]; *People v Mackie*, 77 AD2d 778, 779 [1980]; *cf. People v Johnson*, 63 NY2d 888, 890 [1984]; *People v Lownes*, 40 AD3d 1269 [2007]; *People v Brown*, 276 AD2d 635, 636 [2000]).

However, as the People argue on appeal, the evidence was properly admitted to impeach the defendant's trial testimony. "[A] defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt" (*United States v Havens*, 446 US 620, 627-628 [1980]; *see People v Dash*, 126 AD2d 737 [1987]; *People v Donnelly*, 103 AD2d 941, 942 [1984]). On proper cross-examination, the defendant testified that he had not possessed a gun prior to the day of the incident. No

objection to this questioning was made by defense counsel at trial. Because the defendant's testimony was at odds with the suppressed evidence, the photograph was admissible for impeachment purposes (*see United States v Havens*, 446 US 620 [1980]; *People v Gole*, 228 AD2d 696 [1996]).

In addition, contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the gun. The gun was not seized in violation of his Fourth Amendment rights, as the defendant asserts. Rather, the police had reasonable cause to forcibly stop and detain him, based upon the report of an identified citizen, a park employee, who saw him display a handgun in a public park (*see People v Corr*, 28 AD3d 574, 575 [2006]; *People v Richards*, 32 AD3d 545, 547 [2006]; *People v Armsworth*, 27 AD3d 571 [2006]; *People v Green*, 10 AD3d 664 [2004]). Further, the police had probable cause to arrest the defendant based upon this report and the discovery of the gun in his vicinity (*see People v Strickland*, 291 AD2d 420, 421 [2002]; *People v McNair*, 36 AD3d 1073, 1075 [2007]). Contrary to the defendant's assertion, the People sustained their burden at the defendant's *Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]) through the arresting officer's testimony (*see People v Ketcham*, 93 NY2d 416, 421 [1999]; *People v Parris*, 83 NY2d 342, 346 [1994]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Williams*, 84 NY2d 925, 926 [1994]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.