■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL MACKEY, Appellant. [971 NYS2d 478]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Foley, J.), imposed February 23, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Bennett*, 102 AD3d 881 [2013]; *People v Palmer*, 95 AD3d 1039 [2012]; *People v Foy*, 89 AD3d 1103 [2011]). Eng, P.J., Skelos, Roman, Cohen and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD McFADDEN, Appellant. [971 NYS2d 703]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 3, 1999 (*People v McFadden*, 261 AD2d 419 [1999]), affirming a judgment of the County Court, Rockland County, rendered March 20, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL K. MILLER, Appellant. [971 NYS2d 479]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Weber, J.), imposed August 1, 2012, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 257 [2006]; *People v DeSimone*, 80 NY2d 273, 283 [1992]), and, thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Leventhal and Sgroi, JJ., concur.