■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE GRAHAM, Appellant. [21 NYS3d 702]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered February 21, 2013, convicting him of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Balter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.

The Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered by the police during their encounter with the defendant. The search of the defendant's right jacket pocket, from which the police recovered a gun, cannot be upheld as justifiably premised on probable cause, since the defendant had not been placed under arrest prior to the search (*see People v Julien*, 100 AD3d 925, 927 [2012]). "[A]n officer who reasonably suspects that a detainee is armed may conduct a frisk or take other protective measures even in the absence of probable cause to arrest" (*People v Shuler*, 98 AD3d 695, 696 [2012]; *see* CPL 140.50 [3]; *Terry v Ohio*, 392 US 1, 29-30 [1968]; *People v Brooks*, 65 NY2d 1021, 1023 [1985]; *People v Davis*, 64 NY2d 1143, 1144 [1985]; *People v De Bour*, 40 NY2d 210, 223 [1976]). However, "[a] police officer acting on reasonable suspicion that criminal activity is afoot and on an articulable basis to fear for his own safety may intrude upon the person or personal effects of the suspect only to the extent that is actually necessary to protect himself from harm while he conducts the inquiry" (*People v Torres*, 74 NY2d 224, 226 [1989]; *see People v Setzer*, 199 AD2d 548, 549 [1993]). "The key question in all cases remains whether the protective measures taken by the officer were reasonable under the circumstances" (*People v Finlayson*, 76 AD2d 670, 679 [1980]).

Here, the police officer searched the defendant's jacket pocket without any prior visual observations of a weapon and without first conducting a pat down of the outside of the pocket. Thus, even assuming that the officer acted on reasonable suspicion that criminal activity was afoot and an articulable basis to fear for his safety, he failed to confine the scope of his search to an intrusion reasonably necessary to protect himself from harm. Accordingly, the weapon recovered as a result of the unlawful search should have been suppressed. In addition, the drugs and other items thereafter recovered must also be suppressed as fruits of the initial, unlawful search (*see People v Gethers*, 86 NY2d 159, 161-162 [1995]). Without that evidence there could not be sufficient evidence to prove the defendant's guilt and, therefore, the indictment should be dismissed (*see People v Miranda-Hernandez*, 106 AD3d 838, 839 [2013]).

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.