■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR NOBLE, Appellant. [63 NYS3d 401]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered January 13, 2016, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and evidence of his refusal to submit to a chemical test.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress the defendant's statements to law enforcement officials and evidence of his refusal to submit to a chemical test are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent with CPL 160.50.

On September 28, 2014, at approximately 5:30 a.m., Police Officer Evan Murtaugh was on patrol and driving northbound on Route 9A in the Town of Ossining in a marked police vehicle when he noticed a car parked on the right side of the road. The car's engine was running and the headlights were on, but the taillights were off. After pulling over behind the car, Officer Murtaugh approached the driver's side of the car and observed the defendant, who was alone in the vehicle and either asleep or unconscious, behind the wheel. Officer Murtaugh banged on the window with his hands and flashlight to get the defend-

ant's attention. After between 30 and 45 seconds, the defendant awakened, looked in Officer Murtaugh's direction, and "floored the accelerator," causing the engine to increase the speed of its revolutions. The defendant then attempted to shift the car into gear, at which point Officer Murtaugh opened the car door, which was unlocked, leaned inside, and turned off the ignition. After Officer Murtaugh asked the defendant "where he was coming from, where he was going," Officer Murtaugh detected the "overwhelming odor of alcohol" and he observed that the defendant's eyes were "bloodshot glassy." Officer Murtaugh asked the defendant to step out of the vehicle and administered field sobriety tests. Based on the results of the tests, Officer Murtaugh arrested the defendant and brought him to the police station. The defendant was charged with, inter alia, driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Prior to trial, the defendant moved to, inter alia, suppress his statements to Officer Murtaugh and evidence of his refusal to submit to a chemical test on the ground that they were the products of an unlawful seizure. The Supreme Court denied those branches of the motion on the ground that, after the defendant tried to move the vehicle, the officer had a "founded suspicion" that criminal activity was afoot, and that he had the right to open the car door and turn off the ignition for that reason and for his own safety.

By reaching into the defendant's vehicle and turning off the ignition, Officer Murtaugh forcibly stopped the defendant, thus implicating the constitutional protections against unreasonable searches and seizures. A forcible stop is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime (see People v Spencer, 84 NY2d 749, 752-753 [1995]; People v Harrison, 57 NY2d 470, 476 [1982]). In denying those branches of the defendant's omnibus motion which were to suppress his statements and evidence of his refusal to submit to a chemical test on the ground that Officer Murtaugh was permitted to forcibly stop the defendant on the basis of merely a founded suspicion that criminal activity was afoot, the hearing court erred (see People v De Bour, 40 NY2d 210, 215 [1976]). We note that the people did not argue before the hearing court and do not argue on appeal that Officer Murtaugh had reasonable suspicion that the defendant had committed, was committing, or was about to commit a crime and, thus, that issue is not before us on appeal.

Accordingly, we reverse and grant those branches of the de-

fendant's motion which were to suppress his statements to law enforcement officials and evidence of his refusal to submit to a chemical test. Without that evidence, there could not be sufficient evidence to prove the defendant's guilt and, therefore, the indictment must be dismissed (*see People v Graham*, 134 AD3d 1047, 1048 [2015]).

In light of our determination, we need not reach the defendant's remaining contentions. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.