People v Smith (2019 NY Slip Op 00314)





People v Smith


2019 NY Slip Op 00314


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2014-07789
 (Ind. No. 518/11)

[*1]The People of the State of New York, respondent,
v
Ramel Smith, appellant.


Janet E. Sabel, New York, NY (Paul Wiener of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered July 29, 2014, convicting him of assault in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. "A forcible stop is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime" (People v Noble, 154 AD3d 883, 884). "Reasonable suspicion has been defined as that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand'" (People v Bowers, 148 AD3d 1042, 1043, quoting People v Martinez, 80 NY2d 444, 448 [internal quotation marks omitted]).
Here, police officers initially had a founded suspicion that criminal activity was afoot, triggering a common-law right of inquiry, based upon their observations of the defendant and a companion "huddled" together on a street in close proximity to the location of a reported shooting, with no one else in the vicinity, and that the defendant had "his hand in his jacket" as the police officers drove by the two men (see People v Baksh, 125 AD3d 988, 989; People v Davis, 106 AD3d 144, 151). The level of suspicion escalated to the level of reasonable suspicion when the defendant and his companion started walking away "at a high rate of speed" after the police officers, who had returned to the location of the shooting, turned their vehicle back onto the street where the defendant and his companion were standing, and the officers observed the defendant toss an object into an alleyway while walking away (see People v Austin, 100 AD3d 1010, 1011; People v Jenkins, 209 AD2d 164). Once the police officers temporarily detained the defendant, they possessed probable cause to arrest him based upon the discovery that the thrown object was a gun (see People v LaFontant, 46 AD3d 840, 842; People v Jenkins, 209 AD2d 164). Accordingly, we agree with the [*2]hearing court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. Specifically, and contrary to the defendant's contention, the evidence was legally sufficient to establish that the complainant sustained a "serious physical injury" within the meaning of Penal Law § 10.00(10) (see People v Garland, 155 AD3d 527, 528, affd ___ NY3d ___, 2018 NY Slip Op 07927 [2018]; People v Lindsay, 131 AD3d 625, 626). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt on the count of assault in the first degree was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348; People v Romero, 7 NY3d 633).
As the defendant asserts, the People's motion to compel him to submit to a buccal swab for DNA testing was untimely pursuant to CPL 240.90, and the People failed to adequately explain the delay. However, the fact that the motion was untimely made does not mean that the admission of evidence concerning the defendant's refusal to provide a DNA sample warrants reversal, since the defendant did not suffer any prejudice by reason of the four-month delay (see People v Young, 160 AD3d 1206, 1209; People v Ruffell, 55 AD3d 1271) and the error did not implicate the defendant's constitutional rights (see People v Cox, 161 AD3d 1100, 1101; People v Vieweg, 155 AD3d 1305, 1308).
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court